IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DUANE WOLLEY MAW,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO MODIFY SENTENCE<br><br><br><br>Case No. 2:06-CR-709 TS |

This matter is before the Court on Defendant's *pro se* Motion to Modify Sentence. In his Motion, Defendant requests that his Judgment be amended to state that he should receive credit against his federal sentence for the time that he spent in state custody from March 8, 2006, onward. Defendant further requests that the Judgment be amended to reflect that his federal sentence run concurrent with his state sentence. For the reasons discussed below, the Court finds that it lacks the authority to grant Defendant the relief he seeks. The Court construes Defendant's Motion as one under 28 U.S.C. § 2241. The Court will dismiss the Motion without prejudice so that Defendant may bring the Motion in the district in which he is being incarcerated.

1

I.  BACKGROUND

Defendant was named in a three-count Indictment on October 11, 2006.  On March 12, 2007, Defendant pleaded guilty to Count I of the Indictment, a violation of 21 U.S.C. § 841(a)(1).  On May 29, 2007, Defendant was sentenced to a term of 90 months with the Bureau of Prisons ("BOP").

Defendant's Motion sets out the following facts.  Defendant was arrested, presumably on state charges, on March 8, 2006.  Defendant eventually pleaded guilty in state court on November 5, 2008.  According to Defendant, the state court judge indicated that his state sentence should run concurrent to the sentence in this matter and that Defendant should receive credit for time served.  Defendant indicates that when he entered federal custody he was told that he would not receive credit for the time he spent in state custody.  Thus, Defendant began his federal sentence on August 18, 2009.  Defendant argues that he should receive credit against his federal sentence for the time he spent in state custody.  Defendant requests that his Judgment be amended to give him credit for that time and to indicate that his federal sentence should run concurrent to his state sentence.

II.  DISCUSSION

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[1]  Because Defendant's Motion is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, his Motion depends on 18 U.S.C. § 3582(c)[2] or Federal Rule of Criminal Procedure 36.

---

[1] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[2] *See United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

"Section 3582(c) . . . provides three avenues through which the court may 'modify a term of imprisonment once it has been imposed.'"[3] "A court may modify a sentence: (1) in certain circumstances 'upon motion of the Director of the Bureau of Prisons'; (2) 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure'; or (3) 'upon motion of the defendant or the Director of the Bureau of Prisons,' or on the court's own motion in cases where the applicable sentencing range 'has subsequently been lowered by the Sentencing Commission.'"[4]

None of these three avenues apply here. There is no motion from the Director of the Bureau of Prisons, nor has Defendant's sentencing range been lowered by the Sentencing Commission. Rule 35 is equally inapplicable. Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." As Defendant brings this Motion well after the seven day period set out in Rule 35(a), the provision is inapplicable.[5] Rule 35(b) provides for a reduction upon motion of the government. Here, there is no motion by the government. For these reasons, Section 3582(c) and Rule 35 are inapplicable. Thus, the Court turns to Federal Rule of Criminal Procedure 36.

Rule 36 provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." While Rule 36 "gives the court authority to

---

[3]*United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).

[4]*Id*. at 947–48 (quoting 18 U.S.C. § 3582(c)(1)(A), (c)(1)(B), (c)(2)).

[5]*United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994) (seven-day time limit imposed by Rule 35 is jurisdictional).

correct clerical-type errors" it "does not authorize substantive sentencing modification."[6] As Defendant seeks a substantive modification of his sentence, rather than to correct a clerical-type error, Rule 36 is inapplicable.

Defendant essentially seeks credit for the time that he has served in state custody. 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." The BOP has long been responsible for computing sentence credit under § 3585(b).[7] "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit in the first instance."[8] Until the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for Court review, and the Court lacks jurisdiction.[9]

Thus, Defendant must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence. Once he has done so, if he is not satisfied with the BOP's resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241. Such petition must be filed in the judicial district where Defendant is held in custody at the time such a Petition is filed.

---

[6] *Blackwell*, 81 F.3d at 948–49.

[7] *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

[8] *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

[9] *Id*.

## III.  CONCLUSION

It is therefore

ORDERED that Defendant Motion to Modify Sentence (Docket No. 34) is DENIED WITHOUT PREJUDICE.

DATED   December 1, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge